UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAI MALENA JIMENEZ-FOGARTY                          :

               Petitioner,                                  :       REPORT & RECOMMENDATION

                                               :

                                               25 Civ. 8498 (JLR) (GWG)

THOMAS FOGARTY,                                     :

               Respondent.                                  :
------------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge:

      Petitioner Sai Malena Jimenez-Fogarty, who is proceeding pro se, has filed an application

for a writ of habeas corpus as "Next Friend on Behalf of her Minor Children." Petition, filed

Oct. 14, 2025 (Docket # 1), at 1. Petitioner alleges that on May 17, 2022, the Rockland County

Supreme Court, in a case called "Fogarty v. Jimenez-Fogarty, Index No. 035547/2021," imposed

"indefinite supervision and granted custody [of the parties' children] to Respondent based on

fraudulent statements, ex parte actions, and without due process." Id. at 1, 2. Petitioner seeks as

relief a "temporary stay of the supervision requirement, restoration of unsupervised parenting

time and full custody to Petitioner as the fit parent." Id. at 3. As a jurisdictional basis for the

petition, she cites to 28 U.S.C. § 2241(a). Id. That statute permits a court to issue a "[w]rit[] of

habeas corpus." 28 U.S.C. § 2241(a).

      On December 10, 2025, the Court ordered petitioner to show cause why her petition

should not be dismissed. See Order, dated Dec. 10, 2025 (Docket # 9). As the Court explained,

"[i]t appears that the Court lacks jurisdiction over this petition in light of case law holding that

federal habeas corpus relief is not available to challenge the constitutionality of state child

custody determinations.  Additionally, the 'Rooker-Feldman' doctrine would bar consideration of the petition."  Id.

Petitioner responded to the Court's order on January 12, 2026.  See Petitioner's Memorandum of Law in Response to Order to Show Cause, filed Jan. 12, 2026 (Docket # 12) ("Resp.").  Petitioner filed an additional response on February 9, 2026.  See Petitioner's Supplemental Memorandum of Law, filed Feb. 9, 2026 (Docket # 13) ("Supp.").

We next address the two issues raised by the Court.

I.   WHETHER 28 U.S.C. § 2241 CONFERS JURISDICTION

In Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502 (1982), the Supreme Court held that a writ of habeas corpus does not extend to "challenges to state child-custody decisions."  Id. at 512.  Lehman involved an attempt to challenge a state child-custody order under 28 U.S.C. § 2254.  While petitioner purports to challenge a state child-custody order under 28 U.S.C. § 2241, see Petition at 3, case law uniformly holds that rule of Lehman applies to petitions brought under § 2241, see Antar v. Lodice, 2025 WL 1594752, at *1 (D. Conn. May 19, 2025) (collecting cases applying Lehman to § 2241 petitions); accord Jones-Bey v. Chen, 2021 WL 4255056, at *5 n.7 (S.D.N.Y. Sept. 17, 2021).

In response, petitioner claims that there is an exception to the rule of Lehman where state child-custody orders involve due process violations.  See Resp. at 7.  She asserts that Lehman itself implied such an exception in a footnote.  See id. at 9.  However, in the footnote she references, Lehman merely observed that "for at least 100 years after passage of the statute in 1867, the writ was not used in child-custody cases," which "strongly suggests that the extension of federal habeas corpus to state custody cases was never contemplated by Congress, nor

2

understood by the Bar to have been an available remedy." Lehman, 458 U.S. at 511 n.14.  It says

nothing about an exception for due process violations.

Petitioner also argues that the case of "Hojan v. Steele, 875 F.3d 396, 400 (7th Cir. 2017)"

distinguished Lehman "where orders lack validity due to procedural defects."  See Resp. at 8.

However, no such case exists at the citation provided, and we have been unable to locate any

case by this name.  It thus appears that this case citation has been fabricated.

Finally, petitioner points to United States ex rel. Mueller for and on Behalf of Mueller v.

Missouri Division of Family Services, 123 F.3d 1021 (8th Cir. 1997).  See Resp. at 8.  But

Mueller reaffirms that "federal courts have no jurisdiction in habeas corpus to determine parents'

right to custody of their minor children, even if it is alleged that custody was obtained by means

that violate the Federal Constitution."  Mueller, 123 F.3d at 1023 (emphasis added).

## II.  THE ROOKER-FELDMAN DOCTRINE

The Rooker-Feldman doctrine provides that there is no subject-matter jurisdiction over

"cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,

284 (2005).  It applies where "(1) the federal-court plaintiff lost in state court; (2) the plaintiff

complains of injuries caused by a state court judgment; (3) the plaintiff invites review and

rejection of that judgment; and (4) the state judgment was rendered before the district court

proceedings commenced."  Hunter v. McMahon, 75 F.4th 62, 68 (2d Cir. 2023) (quoting

Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014)).

Petitioner does not appear to deny that the elements of the Rooker-Feldman doctrine exist

here — nor could she.  After all, she (or, in her view, her children) got an unfavorable custody

decision in state court before she petitioned this Court, her or her children's claimed injuries are the result of that decision, and she wants that decision reviewed.

Rather, plaintiff asserts that there is an exception to the doctrine "for extrinsic fraud or corruption." Resp. at 8. But the Second Circuit has "never recognized a blanket fraud exception to Rooker-Feldman." Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002); accord Redmond v. Bank of New York Mellon Corp., 697 F. App'x 23, 25 (2d Cir. 2017). "Courts have therefore consistently held that Rooker-Feldman applies notwithstanding claims that a state-court judgment was acquired through fraud." Gould v. Airway Off., LLC, 2016 WL 3948102, at *5 (S.D.N.Y. July 19, 2016) (collecting cases); see also Jordan v. Levine, 536 F. App'x 158 (2d Cir. 2013) (Rooker-Feldman bars claim that state-court judge engaged in misconduct).

Relatedly, petitioner argues that Rooker-Feldman does not apply because the state child-custody order she seeks to challenge "lack[ed] jurisdictional validity due to extrinsic fraud and disqualification." Reply at 11. Petitioner's argument regarding "jurisdiction[]" misapprehends the doctrine. As explained in Levitin v. Rottenberg, 2026 WL 63719 (S.D.N.Y. Jan. 8, 2026), "[f]ederal district courts do not acquire jurisdiction simply because a plaintiff alleges that a state court acted without jurisdiction." Id. at *2 (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). "Allegations that a state court exceeded its jurisdiction are themselves challenges to the validity of the state-court judgment and must be raised through the state appellate process, not collateral federal litigation." Id. (citing Vossbrinck, 773 F.3d at 427).

Petitioner's most recent filing reveals that the New York judge who issued the initial child-custody order recently resigned after failing to disclose conflicts of interest and to recuse herself in cases implicating those conflicts. See Supp. at 2-3. Petitioner argues that the judge's "failure to disclose or recuse in conflict-laden cases . . . render[s] her orders void ab initio." Id.

4

at 3.  Under Rooker-Feldman, however, that is for the New York courts to decide, not this Court.

See Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co., 664 F. App'x 20, 21 (2d Cir. 2016) (claim that

state-court decision was "void ab initio" barred by Rooker-Feldman).

Conclusion

The petition for writ of habeas corpus should be dismissed for lack of subject-matter

jurisdiction.[1]

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

have fourteen (14) days (including weekends and holidays) from service of this Report and

Recommendation to file any objections.  See also Fed. R. Civ. P. 6(a), 6(b), 6(d).  A party may

respond to any objections within 14 days after being served.  Any objections and responses shall

be filed with the Clerk of the Court.  Any request for an extension of time to file objections or

responses must be directed to Judge Rochon.  If a party fails to file timely objections, that party

will not be permitted to raise any objections to this Report and Recommendation on appeal.  See

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72; Thomas v. Arn, 474 U.S. 140 (1985);

---

[1]  While not explicitly seeking recusal, petitioner suggests that the assignment of the undersigned and Judge Rochon to this case "may create an appearance of partiality under 28 U.S.C. § 455(a)" because we are also presiding over her civil lawsuit against Fogarty and others relating to the child-custody order, Jimenez-Fogarty v. Fogarty et al., No. 24-cv-8705 (S.D.N.Y. Nov. 15, 2024). See Resp. at 2.  Case law is clear, however, that a judge's impartiality is not compromised merely because the judge has presided over related proceedings.  See, e.g., United States v. Wolfson, 558 F.2d 59, 64 (2d Cir. 1977) (that "a defendant . . . has undergone two lengthy trials before the same judge, both of which ended in guilty convictions" does not by itself "provide a reasonable basis for questioning a judge's impartiality"); United States v. Stitsky, 536 F. App'x 98, 109 (2d Cir. 2013) (rejecting that a judge "should have sua sponte recused herself due to personal bias against defendants and bias stemming from her handling of five related civil cases").  Thus, there is no reason why the same judges cannot preside over both cases.

Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596

F.3d 84, 92 (2d Cir. 2010).

Dated:  March 6, 2026
       New York, New York


_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

6